UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUSHUS BANNER,

    Defendant.
_____/

FILED by _____ D.C.

JAN - 9 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE LETTER TO THE COURT [D.E. #196]

**THIS CAUSE** having come on to be heard upon the Defendant's pro se letter which has been interpreted by the Court to be a Motion for New Counsel, Motion to Withdraw Guilty Plea and Motion to Set Aside Sentence, and this Court having reviewed the motion, the response from the government and the response from counsel for the Defendant, this Court makes the following recommendation.

    1.    The Defendant's pro se motion alleges that she was unable to read and therefore found it impossible to understand the stipulations in the Plea Agreement in this case. Further, the Defendant alleges that she believed that she would be able to appeal the sentence in her case. Finally, the Defendant asserts that she wants another attorney to "help her."

    2.    The government's response sets forth that the Defendant entered a guilty plea on September 13, 2006. She was thereafter sentenced by the District Court on November 29, 2006. The sentence was for a period of 124 months in the Federal Bureau of Prisons as to each Count to run concurrently, together with a supervised release period

of five years as to each Count to run concurrently and a special assessment in the amount of $100.

3.  The government's response also reflects that there were numerous discussions between counsel for the government and counsel for the Defendant about the Defendant's continued cooperation. If that cooperation rises to a level of substantial assistance in the future, the government will consider filing a Rule 35 motion.

4.  The government's response also points out that the Defendant's Plea Agreement and her answers at the plea colloquy specifically waive the Defendant's rights to appeal any sentence imposed in the case. During the plea colloquy, the government alleges that the Defendant stated that she was satisfied with her attorney, that she discussed the Plea Agreement with her attorney before signing it and that she understood the terms of the Plea Agreement.

5.  Valentin Rodriguez was the Defendant's attorney at the time the pleas of guilty were entered before Judge Moore and at the time of sentencing. Mr. Rodriguez' response reflects that he agrees with the assertions set forth in the government's response in respect to the Defendant's pro se motion. Further, Mr. Rodriguez states that he visited with the Defendant on numerous occasions at the Federal Detention Center specifically to discuss the Plea Agreement in this case. The Plea Agreement was copied and delivered to the Defendant before any plea conferences with her. Specifically, Mr. Rodriguez asserts that he had plea conferences with the Defendant on August 2, August 7, August 8, and September 13, all of 2006.

6.  Mr. Rodriguez also asserts that, without waiving any attorney-client privilege, that he read the Plea Agreement to the Defendant line-by-line and explained to the

Defendant the legal significance of various provisions of the Plea Agreement before it was signed.

7.  This Court has reviewed the transcript of the plea colloquy which is attached to the government's response. That plea colloquy conducted by Judge Moore on September 13, 2006 reflects that the Defendant was duly sworn prior to answering any questions posed by Judge Moore. Further, the Defendant, Lushus Banner, specifically acknowledged under oath the following:

  a.  That she had received a copy of the Indictment pending against her and had fully discussed all charges with her attorney;

  b.  That she was fully satisfied with the counsel representation and advice given to her in this case by Valentin Rodriguez, her attorney;

  c.  That her formal education consisted of tenth grade of high school and cosmetology school;

  d.  That she had read and discussed the Plea Agreement with her attorney before signing it;

  e.  That she understood the terms of the Plea Agreement;

  f.  That the Plea Agreement represented in its entirety all understanding that the Defendant had with the government;

  g.  That no one had made any other promises to her other than what is set forth in the Plea Agreement;

  h.  That she understood that the Plea Agreement represented merely recommendations to the Court and that the District Court could reject those recommendations without permitting her to withdraw her plea of guilty and

could impose a sentence that is more severe than the Defendant may anticipate;

i. That no one had forced her to plead guilty and that she was pleading guilty of her own free will because she was guilty;

j. That she had discussed the Sentencing Guidelines with her attorney and acknowledged that the actual sentence imposed by the District Court may be different from any estimate her attorney may have given her;

k. That she understood that the District Court could make an upward departure or a downward departure in respect to the guideline range;

l. That she understood that she had waived or given up her rights to appeal all or part of any sentence to be imposed in this case;

m. That she understood her rights to a trial and those other rights associated with a trial as specifically enumerated by the District Court on the record and that by entering pleas of guilty that she was giving up or waiving her rights to a trial and those rights associated with a trial; and

n. The Defendant agreed to the factual basis set forth in the record by the government.

8. Based upon all of the foregoing, Judge Moore found that the Defendant's pleas of guilty to Counts Three and Eight of the Indictment were knowing and voluntary.

9. The Plea Agreement in this case was signed by the Defendant as well as her counsel on September 13, 2006, the day that the plea was entered. The Plea Agreement sets forth specific details of all understandings that the Defendant had with the government. This Court will briefly set out the pertinent portions of the Plea Agreement

which contradict the Defendant's assertions in her pro se motion.

10.   First, the Defendant pled guilty to Counts Three and Eight of the Indictment. The Plea Agreement states further that the government would dismiss Count One at the time of sentencing. These provisions are set forth in paragraphs 1 and 2 of the Plea Agreement.

11.   Paragraphs 4 and 5 of the Plea Agreement discussed the possible minimum mandatory and maximum sentences which the District Court could impose in this case. Those provisions of the Plea Agreement specifically state that the Court must impose a minimum mandatory sentence of five years and that there was a maximum sentence of forty years followed by a term of supervised release of anywhere from four years up to life together with a $2 million dollar fine. Further, a $100 special assessment would be imposed and payable at the time of sentencing. The sentence imposed by the District Court was well within this range of penalties that the Defendant acknowledged in the Plea Agreement.

12.   Paragraph 7 of the Plea Agreement reflects that the Defendant and government would jointly recommend to the District Court that the Defendant be sentenced within the guideline range recommended. Further, paragraph 8 of the Plea Agreement states that the parties would recommend that the District Court reduce by two levels the offense level based upon the Defendant's acceptance of responsibility.

13.   Paragraph 9 of the Plea Agreement asserts that the amount of narcotics involved in this case were at least fifty grams of crack cocaine but less than one hundred fifty grams of crack cocaine.

14.     Finally, paragraph 10 explicitly and in detail sets forth the Defendant's waiver of her rights to appeal.

## ANALYSIS

15.     The Defendant bears the burden of proof as to a request to withdraw a plea of guilty. United States v. Izquierdo, 448 F.3d 1269 (11th Cir. 2006). A plea is voluntary in a constitutional sense if the defendant receives real notice of the charge against them and understands the nature of the constitutional protection they are waiving. To determine if a guilty plea is knowing and voluntary, the District Court must establish that (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges, and (3) the defendant knows and understands the consequences of the guilty plea. United States v. Frye, 402 F.3d 1123 (11th Cir. 2005). See also United States v. Bright, 161 Fed.Appx. 856 (11th Cir. 2006).

16.     The Defendant alleges that she could not read. However, she asserted under oath that she completed the tenth grade and even some cosmetology school. This Court finds it difficult that the Defendant could not read and get all the way up to the tenth grade and even portions of cosmetology school, which this Court would imagine would require at least filling out an application. Additionally, the assertions made by counsel for the Defendant reflect that he met with the Defendant on no less than four occasions to specifically discuss the Plea Agreement. The Plea Agreement was read to the Defendant line-by-line and its implications explained to the Defendant. At the plea colloquy, the Defendant acknowledged that she had discussed the Plea Agreement with her attorney before signing it. She acknowledged that she understood the terms of the Plea Agreement and was satisfied with the representation her attorney had given her.

17.   In respect to the waiver of appeal, the Plea Agreement specifically waives the Defendant's right to appeal any sentence imposed by the Court. Further, the Defendant acknowledged on the record at the plea colloquy that in the Plea Agreement she was waiving or giving up her right to appeal any sentence imposed by the District Court. For the Defendant to now say that she did not understand that is disingenuous. The questions posed by the District Court during the plea colloquy were in clear, concise and plain English. The plea colloquy tracked the standard plea colloquy recommended by the Courts.

18.   When determining whether or not there was a knowing and voluntary waiver of rights, the appellate court looks to the entire record. United States v. Moriarty, 429 F.3d 1012 (11th Cir. 2005). In this case, the Defendant's waiver of her rights to appeal, rights to a trial and rights associated with a trial were specifically stated on the record. The Defendant acknowledged that she understood and waived those rights. In addition, the appeal waiver set forth in the Plea Agreement was lengthy. Specifically, the Defendant acknowledged on the record at the plea colloquy that she understood that she was waiving or giving up her rights to an appeal. The right to appeal a sentence may be waived in a plea agreement. United States v. Cook, 140 Fed.Appx. 203 (11th Cir. 2005). A written plea agreement containing a waiver of appeal provision has been found to be valid as long as the defendant executed that waiver knowingly and voluntarily. United States v. Manuel, 2006 WL 3422339 (11th Cir. 2006).

19.   This Court does not have to conduct an evidentiary hearing to make these findings. The transcript of the plea colloquy, the government's response and the response from counsel for the Defendant more than adequately set forth the facts in this case. The

only discrepancy in the facts are from the Defendant's own pro se motion in which she alleges that she could not read and therefore did not understand the terms of the Plea Agreement. Further, she alleges that she thought she could appeal the sentence in this case. Those two allegations are overwhelmingly contradicted not only by the government's response and the response from her own attorney, but from the transcript of the plea colloquy. It is unnecessary to conduct an evidentiary hearing when it is clear that the Rule 11 inquiries made by Judge Moore prior to accepting a guilty plea were extensive. United States v. Brehm, 442 F.3d 1291 (11th Cir. 2006).

20. The Defendant has not met her burden of establishing that her guilty plea was other than knowing and voluntary. Judge Moore made that finding at the time that he accepted the pleas of guilty. That finding is borne out by the transcript of the plea colloquy read in conjunction with the written Plea Agreement executed by the Defendant in this case. The Defendant's request to set aside the sentence is also rejected based upon the findings made by this Court herein. The sentence was within the guideline range and within the statutory framework permissible in this case. The Defendant acknowledged this on the record and in the written Plea Agreement. Finally, the Defendant's request for an attorney to "help her" in this case is unnecessary. The Defendant has waived her rights to appeal. This was set forth in the Defendant's Plea Agreement and addressed by Judge Moore during the plea colloquy. It is unnecessary for this Court to appoint another attorney to represent the Defendant when there are no issues to be addressed and no appeal which may be filed.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's pro se letter interpreted as a Motion for New Counsel, Motion to Withdraw Guilty Plea and Motion to Set Aside Sentence [D.E. 196] by **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _9th_ day of January, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg
Valentin Rodriguez, Esq.

Lushus Banner, Reg. No. 75628-004
Federal Detention Center
P.O. Box 019118
33 N.E. 4th Street
Miami, FL 33101-9118