UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-CR-14028-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUSHUS BANNER,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for an initial hearing on November 27, 2018 with respect to the Superseding Petition for Offender under Supervision (the "Superseding Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court on November 27, 2018 for an initial hearing on the Superseding Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 28, 2018, in St. Lucie County, Florida, the defendant committed the offense of Possession of Cocaine, contrary to Florida Statute 893.13(6)(a). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 28, 2018, in St. Lucie County, Florida, the defendant committed the offense of Possession of a Controlled Substance without a Valid Prescription, contrary to Florida Statute 893.13(6)(a). |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 28, 2018, in St. Lucie County, Florida, the defendant committed the |

            offense of Resisting an Officer Without Violence, contrary to Florida Statute 843.02.

**Violation Number 4**    **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On March 22, 2018, the Defendant submitted a urine specimen which tested positive for the presence of cocaine in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

  2. After consultation with her attorney, Defendant announced to this Court that she wished to admit Violation Numbers 1, 3 and 4 as set forth in the Superseding Petition.  The Government agreed to dismiss Violation Number 2 after sentencing.  This Court questioned Defendant on the record and made certain that she understood her rights in regards to an evidentiary hearing with respect to the alleged violations.  Defendant acknowledged that she understood her rights and further understood that if this Court accepts her admissions all that will remain as to Violation Numbers 1, 3 and 4 will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

  3. The Government provided a factual proffer for Defendant's admissions.  According to the Government, on March 22, 2018, Defendant submitted a urine specimen that tested positive for the presence of cocaine in U.S. Probation's local laboratory and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.  On March 28, 2018, Defendant was the passenger in a vehicle stopped in St. Lucie County for driving without a tag light.  The officer observed a white powdery substance consistent with powder cocaine on the Defendant's hands and shirt.  Defendant was instructed to get out of the vehicle.  She did so, but tried to walk away despite the officer giving her several verbal commands not to walk away.  When the officer attempted a pat down, Defendant began trying to put her hands up her shorts.  After several verbal commands to stop, the Defendant began pushing the officer away.  The

officer tackled her to the ground where she continued to resist. A baggie containing 1.7 grams of crack cocaine was found in Defendant's shorts. Her purse contained a small bag containing .7 grams of 3,4-methylenedioxy-methamphetamine (MDMA). Defendant was charged in the Nineteenth Judicial Circuit Court of Florida with possession of cocaine and resisting an officer without violence in violation of Florida law. She pled guilty to both counts in Case Number 562018CF000824A in July 2018. Defendant agreed the Government's proffer was true and correct, and that the Government could prove these facts against her were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1, 3 and 4.

4. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that she understood those penalties. The parties jointly agreed to recommend a sentence of imprisonment for one year and one day, to be followed by two years' supervised release. The Defendant acknowledged her understanding that although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant will not be allowed to withdraw her plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

**ACCORDINGLY,** based upon the Defendant's admission to Violation Numbers 1, 3 and 4 of the Superseding Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated her supervised release in respect to Violation Numbers 1, 3 and 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules

of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 28th day of November, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE