**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 06-CR-14028-MOORE/MAYNARD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**LUSHUS BANNER,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 THROUGH 7

**THIS CAUSE** is before the Court for consideration of the pending Second Superseding Petition for Offender under Supervision ("Petition") (DE 687).  Having conducted a hearing, this Court recommends as follows:

1.     The Defendant appeared before this Court January 22, 2021 for a hearing on the Petition.  The hearing was convened via videoconference on the Zoom platform.  At the hearing's outset, the Court advised the Defendant of her right to have the proceeding in person.  The Defendant acknowledged that she understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference.  Having discussed the matter with the Defendant, the Court finds that her waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2.      The Petition charges the Defendant with the following violations of supervised release:

**Violation Number 1**          **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 7, 2020, the defendant submitted a urine specimen which tested positive for the presence of amphetamine in our local laboratory; and subsequently was confirmed positive for methamphetamine by Alere Toxicology Services, Incorporated.

**Violation Number 2**          **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 24, 2020, the defendant submitted a urine specimen which tested positive for the presence of amphetamine in our local laboratory; confirmed by the defendant's admission, and subsequently was confirmed positive for methamphetamine by Alere Toxicology Services, Incorporated.

**Violation Number 3**          **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about March 10, 2020, the defendant moved from her approved residence of 1606 Parkland Court, Apt. B, Fort Pierce, Florida, and her whereabouts is unknown.

**Violation Number 4**          **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 4 and 7, 2020, the defendant submitted urine specimens which tested positive for the presence of cocaine in our local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 5**          **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 18, 2020, the defendant submitted a urine specimen which tested positive for the presence of amphetamine in our local laboratory; and subsequently was confirmed positive for amphetamine and methamphetamine by Alere Toxicology Services, Incorporated.

**Violation Number 6**          **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about September 5, 2020, in St. Lucie County, Florida, the defendant committed the

offense of Possession of a Controlled Substance without a Prescription, contrary to Florida Statute 893.13(6)(a).

**Violation Number 7**                 **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about September 5, 2020, in St. Lucie County, Florida, the defendant committed the offense of Use or Possession of Drug Paraphernalia, contrary to Florida Statue 893.147(1).

3.      After consultation with her attorney, the Defendant announced to this Court that she wished to admit Violation Numbers 1 through 7 as set forth in the Petition.  The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that she understood those penalties.  The Court questioned the Defendant on the record and made certain that she understood her right to an evidentiary hearing on the violations. The Defendant acknowledged that she understood her rights in that regard and further understands that if her admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4.      The Government proffered a factual basis for the admissions into the record.  The Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, this Court finds that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1 through 7.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of her supervised release as set forth in Violation Numbers 1 through 7, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 25th day of January, 2021.


_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE